ELECTRONICALLY FILED
9/3/2026 2:24 PM
David T. Lewis III
County Clerk
Kitsap County, WASH
Case Number: 26-2-02414-18

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**IN AND FOR KITSAP COUNTY**

| | |
|---|---|
| BRETT HAMILTON,<br>Plaintiff,<br>vs.<br>WASHINGTON STATE PATROL,<br>GAVIN SCHUSTER, a Trooper with the Washington State Patrol,<br><br>Defendants, | 26-2-02414-18<br><br>**COMPLAINT** |

The Plaintiff, through his attorney, hereby makes the following claims and allegations:



Paladin Law Office, PLLC
PO Box 214
Silverdale, WA 98383
(360) 633-5235

## 1. PARTIES

1.1 Plaintiff, Brett Hamilton (Mr. Hamilton or Plaintiff), is a resident of Kitsap County, Washington.

1.2 Defendant STATE OF WASHINGTON is a state of the United States. The Washington State Patrol is a principal executive agency of the State of Washington. Pursuant to RCW 4.92.090, the State of Washington is liable for the tortious conduct of its officers, employees, or agencies to the same extent as if it were a private person or corporation.

1.3 Defendant GAVIN SCHUSTER (Trooper Schuster) was at all times material herein a resident of the State of Washington and employed as a sworn law enforcement officer by the Defendant Washington State Patrol. At all times relevant to this action, Defendant Schuster acted under color of state law, within the course and scope of his employment with the WSP, and under the apparent authority of Washington State statutes. He is sued in both his individual and official capacities.

## II. JURISDICTION AND VENUE

2.1 Plaintiff is a resident of Kitsap County, WA

2.2 This Court has subject-matter jurisdiction over this complaint.

2.3 This Court has concurrent subject-matter jurisdiction over Plaintiff's federal civil rights claims brought pursuant to 42 U.S.C. § 1983 to redress deprivations of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

2.4 This Court has personal jurisdiction over all named Defendants because the individual Defendants are residents of and conduct law enforcement operations within the State of Washington, and Defendant Washington State Patrol is an executive agency of the State of Washington. Furthermore, the tortious, unlawful, and unconstitutional acts and omissions alleged herein



Paladin Law Office, PLLC
PO Box 214
Silverdale, WA 98383
(360) 633-5235

occurred entirely within Kitsap County, Washington.

2.5 Venue is proper in the Kitsap County Superior Court pursuant to RCW 4.12.020(2) because this is an action against public officers for acts done by them in virtue of their office, and the cause of action—the unlawful detention and custodial arrest of the Plaintiff—arose entirely within Kitsap County. Venue is additionally proper under RCW 4.92.010.

2.6 The Plaintiff submitted a tort claim, describing the damages set out in this complaint, on the Washington State Department of Enterprise Services on July 1, 2026.

2.7 This Complaint has been filed more than 60 days after July 1, 2026.

2.8 This court has subject matter jurisdiction over the issues raised in this complaint.

## III. FACTS

3.1 Sections I and II, above, are hereby incorporated, verbatim.

3.2 On May 20, 2026 at approximately 12:40 to 12:44 a.m., Plaintiff was traveling home after a work shift in Port Orchard, Washington to his residence in Bremerton, Washington.

3.3 Mr. Hamilton works as a security guard. He drives a Mitsubishi Outlander with a spotlight and amber and white lights near the top of his windshield.

3.4 Mr. Hamilton was wearing an olive green security uniform with "Security" patches, a duty vest with a metal badge, and a duty belt containing a firearm, handcuffs, and a pepper ball gun.

3.5 On his way home a vehicle, later determined to be owned by Robert Poer, approached Mr. Hamilton's vehicle from the rear at a high rate of speed (estimated at 80 mph), swerved into Mr. Hamilton's lane, and nearly caused a collision.

3.6 Mr. Hamilton applied his brakes, flashed a spotlight on his car, and inadvertently toggled his



Paladin Law Office, PLLC
PO Box 214
Silverdale, WA 98383
(360) 633-5235

vehicle's amber and white emergency light bar for approximately 0.5 to 1 second due to the switch layout on his seat.

3.7 Mr. Hamilton was not attempting to detain Mr. Poer.

3.8 Poer called 911 and reported that a black SUV activated emergency flashing lights behind him. He initially provided an incorrect license plate (AYB4441, returning to a Mitsubishi Lancer).

3.9 Poer began to exit Washington Highway 3 at the Puget Sound Naval Shipyard exit, but after Hamilton passed him, he swerved back onto Highway 3 and began following Hamilton.

3.10 Poer followed Hamilton's vehicle into the WinCo grocery store parking lot. Mr. Hamilton entered the WinCo parking lot in the hopes that Mr. Poer would cease following him. Mr. Hamilton idled in the parking lot for several minutes in front of the store. He observed Mr. Poer drive into the lot and park his vehicle. At that point, Mr. Hamilton continued on his way home.

3.11 Poer waited for Mr. Hamilton and subsequently followed him to the PUR Laundry laundromat at 3100 Kitsap Way. At the laundromat, Poer blocked Mr. Hamilton's vehicle with his Cadillac, exited, recorded Mr. Hamilton on a mobile device, and accused him of being a police impersonator. When Mr. Hamilton informed Poer that he was blocking Mr. Hamilton in the parking lot, Poer returned to his vehicle and drove away.

3.12 At 1:08 a.m. WSP Trooper Matthew Stewart contacted Poer via phone. Poer corrected the plate number, which identified Mr. Hamilton's vehicle as a Mitsubishi Outlander and identified his residence in Bremerton, WA. Poer provided Troopers with mobile video and photographs taken during the confrontation.

3.13 At approximately 1:10 a.m. WSP Troopers Gavin Schuster, Daniel Osborn, and Matthew Stewart, alongside a Kitsap County Sheriff's Deputy, arrived at Hamilton's residence.

3.14 Officers entered Mr. Hamilton's driveway and touched the hood of his Mitsubishi Outlander,



Paladin Law Office, PLLC
PO Box 214
Silverdale, WA 98383
(360) 633-5235

discovering that it was warm to the touch. Mr. Hamilton cooperated with the investigation, displayed the flashing amber and white capabilities of his light system to the Troopers, and allowed officers to review and photograph his security vest and duty gear.

3.15 During questioning, Trooper Schuster asked Mr. Hamilton if he was aware that the law on criminal impersonation had recently changed.

3.16 At 1:40 a.m. Trooper Schuster placed Mr. Hamilton under custodial arrest for Criminal Impersonation in the Second Degree under RCW 9A.60.045(1)(a). Hamilton was searched and advised of his Miranda rights.

3.17 Trooper Schuster transported Mr. Hamilton to the Kitsap County Jail. Upon arrival, the jail medical staff evaluated Mr. Hamilton and determined that his blood pressure was dangerously high.

3.18 Due to his medical condition, the jail staff refused to book Mr. Hamilton into the facility. Mr. Hamilton declined ambulance transport and hospital care. Trooper Schuster transported Mr. Hamilton back to his residence, released him from custody, and advised that the case file would be forwarded to the Kitsap County Prosecutor's Office for a charging decision.

3.19 To date, Mr. Hamilton has not been charged.

3.20 The arrest was executed pursuant to RCW 9A.60.045 (Criminal Impersonation 2nd Degree).

3.21 WSP Troopers explicitly relied upon legislative revisions passed by the Washington State Senate and House in March 2026 (Engrossed Substitute House Bill 2165).

3.22 The statutory effective date of these revisions was June 11, 2026, twenty-two days *after* Hamilton's arrest on May 20, 2026.

## IV. FOR A FIRST CAUSE OF ACTION: Deprivation of Civil Rights Under 42 U.S.C. § 1983 – Unlawful Seizure and False Arrest (Fourth Amendment)


Paladin Law Office, PLLC
PO Box 214
Silverdale, WA 98383
(360) 633-5235

**(Against Defendant Trooper Gavin Schuster in his Individual Capacity)**

4.1 Sections I through III, above, are hereby incorporated, verbatim.

4.2 At all times material herein, Defendant Trooper Gavin Schuster ("Trooper Schuster") was acting under color of state law in his capacity as a sworn officer of the Washington State Patrol.

4.3 The Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees citizens the right to be secure in their persons against unreasonable searches and seizures, and explicitly prohibits custodial arrests without probable cause.

4.4 On May 20, 2026, Defendant Trooper Schuster subjected Plaintiff to a custodial arrest, placed him in physical restraints (handcuffs), searched his person, and transported him to the Kitsap County Jail.

4.5 This custodial arrest was executed without a valid judicial warrant and without probable cause. Defendant Trooper Schuster predicated the arrest on a purported violation of an amended version of RCW 9A.60.045(1)(a)(ii) (pursuant to Engrossed Substitute House Bill 2165) that was not legally active, effective, or enforceable on the date of the arrest, carrying an official statutory effective date of June 11, 2026.

4.6 A custodial arrest executed under the color of a statute or statutory amendment that has not yet entered into legal force lacks any statutory authorization and is objectively unreasonable as a matter of law.

4.7 No prudent officer possessing the facts available at the scene could reasonably believe that a crime had been committed under a non-operative legislative text.

4.8 As a direct and proximate result of Defendant Trooper Schuster's unconstitutional conduct, Plaintiff suffered a severe deprivation of his physical liberty, acute physical and physiological distress



Paladin Law Office, PLLC
PO Box 214
Silverdale, WA 98383
(360) 633-5235

resulting in a documented hypertensive crisis, and sustained professional and reputational harm.

**V. FOR A SECOND CAUSE OF ACTION: Common Law False Arrest and False Imprisonment**

***(Against Defendant Trooper Gavin Schuster)***

5.1 Sections I through IV above, are hereby incorporated, verbatim.

5.2 On May 20, 2026, Defendant Trooper Schuster intentionally, unlawfully, and completely restrained, confined, and detained Plaintiff against his will by placing him under custodial arrest, applying handcuffs, restricting his movement within a law enforcement vehicle, and attempting to book him into the Kitsap County Jail.

5.3 Plaintiff was fully conscious of this confinement and did not consent to it.

5.4 Defendant Trooper Schuster operated without any lawful authority or legal justification, as the statutory provisions he invoked to justify the detention were completely inoperative on the date of the incident.

5.5 Even under the original version of the statute, Trooper Schuster lacked probable cause to arrest the Plaintiff.

5.6 As a direct and proximate result of the unlawful confinement and arrest by Defendant Trooper Schuster, Plaintiff suffered a loss of personal liberty, emotional trauma, profound humiliation among jail staff and professional peers, and substantial physiological distress.

**VI. FOR A THIRD CAUSE OF ACTION: Intentional Infliction of Emotional Distress / Outrage**

***(Against Defendant Trooper Gavin Schuster)***

6.1 Sections I through V, above, are hereby incorporated, verbatim.

6.2 The conduct of Defendant Trooper Schuster—specifically, executing a highly invasive residential custodial arrest of a licensed private security professional based entirely upon a non-existent, inoperable legal standard, and failing to verify the basic operational parameters of the statutory



Paladin Law Office, PLLC
PO Box 214
Silverdale, WA 98383
(360) 633-5235

authority he invoked—was extreme and outrageous.

6.3 Defendant Trooper Schuster acted intentionally or with reckless disregard for the fact that executing an unauthorized and legally groundless arrest against a uniform-wearing security professional at his private residence would result in severe emotional and physical trauma.

6.4 Defendant Trooper Schuster's conduct went beyond all possible bounds of decency and is to be regarded as intolerable in a civilized community.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Trooper Gavin Schuster and the State of Washington, granting the following relief:

7.1 Declare a judgment that the acts, omissions, and conduct of the Defendant Trooper Gavin Schuster on May 20, 2026, in making the custodial arrest based on a non-operative statutory amendment, were an unreasonable seizure and false arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and common law of the State of Washington;

7.2 Judgment for Plaintiff for compensatory, general, and special damages against Defendant Trooper Gavin Schuster in such amount as shall be determined by proof at the time of trial.

7.3 Award Plaintiff punitive damages against Defendant Trooper Gavin Schuster in his individual capacity pursuant to 42 U.S.C. § 1983, in an amount to be proven at trial, based on conduct that was malicious, oppressive, or committed in reckless or callous disregard of Plaintiff's clearly established constitutional rights;

7.4 For an award of reasonable attorneys' fees as allowed by statute 42 U.S.C. § 1988(b);

7.5 For an award of damages compensating Plaintiff for costs of litigation for this case as allowed by statute;



Paladin Law Office, PLLC

PO Box 214
Silverdale, WA 98383
(360) 633-5235

7.6 Statutory damages pursuant to 42 U.S.C. § 1983 and RCW 4.56.250(1)(b).

7.7 For such other and further relief as this Honorable Court deems just and equitable and as may be allowed by applicable statutory authority.

Dated this 3rd day of September, 2026

______________________________
Alan Mygatt-Tauber, #47066
Attorney for the Plaintiff



Paladin Law Office, PLLC
PO Box 214
Silverdale, WA 98383
(360) 633-5235